1   Jack R. Nelson (SBN 111863)
    Email: jnelson@reedsmith.com
2   Keith D. Yandell (SBN 233416)
    Email: kyandell@reedsmith.com
3   REED SMITH LLP
    1999 Harrison Street, Suite 2400
4   Oakland, CA  94612-3572

5   **Mailing Address:**
    P.O. Box 2084
6   Oakland, CA  94604-2084

7   Telephone:   +1 510 763 2000
    Facsimile:   +1 510 273 8832

8

9   Attorneys for Defendants
    World Savings Bank, FSB, Wachovia Mortgage
    Corporation

10

11                         UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13   Fred Nelli,                          Case No. C08-03342 JL
                                          (Formerly Santa Cruz Superior Court Case No.
14                                        CV160703)
                    Plaintiff,
15                                        **NOTICE OF REMOVAL**
        vs.
16                                        Compl. Filed:    June 26, 2008
    FNE Mortgage, a Massachusetts corporation   Attached Documents:
17   doing business in California as 1st New England
     Mortgage Corporation, a.k.a. First New England
18   Mortgage Corporation, World Savings Bank,
     FSB, Wachovia Mortgage Corporation, a North
19   Carolina Corporation doing business in California
     as Corporation Number C1146159 and Does 1-
20   20, Inclusive,

21                   Defendants.

22

23          PLEASE TAKE NOTICE THAT, pursuant to provisions 1441 and 1446 of Title 28 of the

24   United States Code, Defendant Wachovia Mortgage, FSB, successor in interest to World Savings

25   Bank, FSB (Wachovia) sued erroneously herein as Wachovia Mortgage Corporation, hereby

26   removes the above-captioned action from the Superior Court of the State of California for the

27   County of Santa Cruz, Case No. 160703, to the United States District Court for the Northern District

28   of California.  In support thereof, Wachovia alleges as follows:

– 1 –

DOCSOAK-9912513

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1.    On June 26, 2008, Fred Nelli (Plaintiff), filed the above-captioned case in the Superior Court of the State of California for the County of Alameda (Case No. 160703). A true and correct copy of Plaintiff's Complaint and the rest of the superior court case file is attached hereto as Exhibit A.

2.    A true and correct copy of Wachovia's Answer to the Complaint, which was filed in the Santa Cruz Superior Court on July 8, 2008, is attached hereto as Exhibit "B".

3.    No further proceedings have been had in this action.

4.    Plaintiff's suit against Wachovia and First New England Mortgage Corporation (FNE) alleges, *inter alia*, breach of statutory duties by each named defendant under the federal Truth In Lending Act, 15 USC Section 1602 *et. seq.* (TILA) and the amendments to TILA in the federal Home Owner Equity Protection Act, 15 USC Section 1635, *et. seq.* (HOEPA). The First Cause of Action in the Complaint squarely rests upon and asserts a claim for relief against all defendants, including Wachovia, for alleged violation of TILA and HOEPA and federal regulations implementing TILA. Under the First Cause of Action, Plaintiff seeks, *inter alia*, federal statutory damages and statutory equitable relief from all defendants.

5.    Plaintiff's cause of action against Wachovia for violation of TILA and HOEPA is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction, in that it arises under the laws of the United States within the meaning of 28 U.S.C. Section 1331. Section 1331 of Title 28 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." It has long been established that defendant may remove an action where the plaintiff's claims necessarily require the resolution of a substantial federal question. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997). Therefore, this is an action against Wachovia over which this court would have had original jurisdiction had it been filed initially in this court, and removal to this court is proper under the provision of 28 U.S.C. § 1441.

6.    The two other causes of action that are asserted in the Complaint by Plaintiff against Wachovia and its co-defendant both arise out of or relate in part to the same set of alleged facts and are part of the same case and controversy as the claims in the First Cause of Action, and thus this

DOCSOAK-9912513

1   court may assume supplemental jurisdiction over those claims within the meaning of 28 U.S.C. §

2   1367(a).  The Second and Third Causes of Action in the Complaint are transactionally related to the

3   First Cause of Action in that they allege, *inter alia*, that Wachovia and FNE failed to disclose that if

4   Plaintiff made the minimum payment described in his TILA/HOEPA-required disclosures, his loan

5   could experience negative amortization.  All of the claims in the Complaint involve a common

6   nucleus of operative facts regarding representations and disclosures to Plaintiff and the actual terms

7   that Plaintiff agreed to with respect to his loan.  Therefore, removal to this court of this entire action

8   is proper under the provisions of 28 U.S.C. Sections 1367 and 1441.

9       7.      This Notice of Removal is timely under Section 1446(b) of Title 28 of the United

10   States Code, and controlling authority in this District, because this Notice of Removal is filed within

11   30 days of Wachovia's receipt of Plaintiff's Complaint.  *Ford v. New United Motors Manufacturing,*

12   *Inc.*, 857 F. Supp. 707, 710-711 (N.D. Cal. 1994).

13       8.      To Wachovia's knowledge, Defendant FNE has not yet been served in this action.

14   Removal is thus proper in this action.

15       DATED:  July 10, 2008.

16                                  REED SMITH LLP

17

18                          By _____
                                Keith D. Yandell
19                              Attorneys for Defendants
                                World Savings Bank, FSB, Wachovia Mortgage
20                              Corporation

21

22

23

24

25

26

27

28

Notice of Removal

DOCSOAK-9912513

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EXHIBIT A**

JUL-08-2008  16:56        SAYLER LEGAL SVC                    831 384 4031      P.06

1  SALLY A WILLIAMS, SB NO. 129181
   WILLIAMS' LAW OFFICE
2  POST OFFICE BOX 1478
   APTOS, CA 95001-1478
3  555 SOQUEL AVENUE, SUITE 370
   SANTA CRUZ, CA 95062
4
   Tel. (831) 459 -6096
5  Fax (831) 688-1772

6
   Attorneys for Fred Nelli
7

8                    SANTA CRUZ COUNTY SUPERIOR COURT
9

10 Fred Nelli,                          Case No.: CV 1 6 0 7 0 3
11              Plaintiff,               Complaint for:
12       vs.
                                         1.  Rescission;
13 FNE Mortgage, a Massachusetts corporation    2.  Misrepresentation;
14 doing business in California as 1st New England
   Mortgage Corporation, a.k.a. First New England
15 Mortgage Corporation,  World Savings Bank,
   FSB, Wachovia Mortgage Corporation, a North
16 Carolina Corporation doing business in
   California as Corporation Number C1146159
17 and Does 1-20, Inclusive,
18
19              Defendants
20

21
22 Plaintiff Alleges:

23    1.    Fred Nelli is a resident of Santa Cruz County, California.  He is the borrower on that

24          certain loan evidenced by a Note dated June 24, 2005 from World Savings Bank, FSB

25          secured by his residence at 203 Arbolado Drive, Watsonville, California 95076.

26    2.    World Savings Bank, FSB  is a Federal Savings Bank doing business in the state of

27          California, and the one who made the loan referenced in this action.

28



                              Complaint - 1

3.     Wachovia Mortgage Corporation, is on information and belief, a North Carolina
Corporation doing business in California as Corporation Number C1146159, and the
successor in interest to the loan referenced in this action.

4.     FNE Mortgage, a Massachusetts corporation doing business in California as 1st New
England Mortgage Corporation, a.k.a. First New England Mortgage Corporation was,
at all times pertinent to this complaint, on information and belief, a Massachusetts
corporation doing business in California as a California Finance Lender known as
First New England Mortgage Corporation, License Number 6039533.

5.     Does 1-20, inclusive are the agents, servants, principles and parents of the other
defendants and in doing the acts alleged acted within such capacities.  Plaintiff does
not know the true names of the defendants sued herein as DOES 1-20, inclusive and
therefore sue these defendants by such fictitious names.  Plaintiff will amend this
complaint to allege the true names and capacities of these fictitiously named
defendants when the same are known.  Each of the fictitiously named defendants, in
acting with the named defendants and in doing the acts alleged or failing to do the
acts alleged, is responsible in some manner for the harm to plaintiff.

## FIRST CAUSE OF ACTION

### (Federal Statutory Rescission)

6.     Plaintiff incorporates the allegations contained in Paragraphs 1-5, inclusive, of his
complaint as though fully set forth here.

7.     On or about June 29, 2005, plaintiff Fred Nelli obtained Loan No. 0029684230 in the
amount of $660,000.00 from World Savings, predecessor to Wachovia Mortgage
Corporation, via FNE Mortgage, a Massachusetts corporation doing business in
California as 1st New England Mortgage Corporation, a.k.a. First New England
Mortgage Corporation.

8.     As part of the loan process, plaintiff was to receive disclosures as required by law,
and truthful and honest information regarding the loan for which he applied to
defendants.

9.  The Federal Truth in Lending Act "TILA", as modified by the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. §§ 1602(aa) & 1639 ("HOEPA") require lenders disclose certain terms about the loan to potential borrowers.

10. In addition, TILA and 15 U.S.C. § 1635, as implemented under Regulation Z, requires that lenders provide and that each borrower receive two copies of a properly filled out Notice of Right to Cancel.  The borrower must be given their fully filled out copies of the Notice of Right to Cancel during the period of time for which the cancellation exists.

11. When defendants FNE Mortgage, a Massachusetts corporation doing business in California as 1st New England Mortgage Corporation, a.k.a. First New England Mortgage Corporation  and World Savings Bank, FSB, [now Wachovia Mortgage Corporation], and Does 1-20, inclusive, caused plaintiff to sign loan documents, they failed to provide the statutorily required notice of cancellation to plaintiff.

12. As a result of the failure to receive a properly executed notice of right to cancellation, the statutory period of rescission applies to plaintiff's loan and plaintiff has the right to rescind his loan up to and including June 29, 2008.

13. By this complaint, plaintiff hereby tenders his notice of rescission to FNE Mortgage, a Massachusetts corporation doing business in California as 1st New England Mortgage Corporation, a.k.a. First New England Mortgage Corporation,  World Savings Bank, FSB, Wachovia Mortgage Corporation, a North Carolina Corporation doing business in California as Corporation Number C1146159  and Does 1-20, inclusive.

14. The failure of defendants to provide properly filled out notice of right to cancel and other disclosures is a material violation of TILA.

15. Based upon the failure of FNE Mortgage, a Massachusetts corporation doing business in California as 1st New England Mortgage Corporation, a.k.a. First New England Mortgage Corporation, World Savings Bank, FSB, [now Wachovia Mortgage Corporation] and Does 1-20, inclusive to provide plaintiff with two copies of a

1      properly filled out Notice of Right to Cancel, the rescission period which would

2      otherwise expire in 3 days, lasts for three years from the date of consummation of the

3      loan which was consummated June 29, 2005 at the earliest.  The date for rescinding

4      the loan was thereby extended to June 29, 2008.

5    16.   Pursuant to said statutes, a Notice of Rescission has been sent to FNE Mortgage, a

6      Massachusetts corporation doing business in California as 1st New England Mortgage

7      Corporation, a.k.a. First New England Mortgage Corporation,  World Savings Bank,

8      FSB, [by sending to Wachovia Mortgage Corporation].

9    17.   By that letter and by this complaint, plaintiff has offered and does offer to perform all

10      necessary actions required by 15 U.S.C. §1635(b); Regulation Z §§ 226.15(d)(3);

11      226.23(d)(3), and further to restore to FNE Mortgage, a Massachusetts corporation

12      doing business in California as 1st New England Mortgage Corporation, a.k.a. First

13      New England Mortgage Corporation,  World Savings Bank, FSB, [through Wachovia

14      Mortgage Corporation] anything required to be restored to said defendants pursuant

15      to statute.

16    18.   This complaint is filed to preserve the rights of plaintiff for rescission pursuant to

17      statute.

18    19.   As a result of the rescission notice, the security interest in the real property at 203

19      Arbolado Empire Grade, Santa Cruz, California, is void and World Savings Bank,

20      FSB, [through Wachovia Mortgage Corporation, its successor in interest] is/was

21      bound to immediately terminate such security interest. (Regulation Z, § 226.23(d) (2).

22    20.   Plaintiff further seeks a notice and accounting be prepare by defendants of all monies

23      paid in connection with the terms of the mortgage loan which is the subject of this

24      action, and hereby demand an itemization of such monies.

25    21.   Plaintiff has been damaged by the payment of these monies, which were illegally

26      collected by defendants as a result of the failure by defendants to abide by law in their

27      lending practices.

28

Complaint - 4

22. Plaintiff is informed and believes that he has been further damaged by failures to disclose material loan terms and the effect of said terms pursuant to the above stated statutes.

23. Plaintiff is also entitled to statutory civil penalties as allowed by law.

24. Plaintiff further demands reimbursement of his attorneys' fees pursuant to statute and agreement.

25. Wherefore, plaintiff seeks relief as set forth in this complaint.

## SECOND CAUSE OF ACTION

### (State Claims for Misrepresentation)

26. Plaintiff incorporates the allegations contained in Paragraphs 1-5, and 7-17, inclusive, of his complaint as though fully set forth here.

27. In the process of obtaining the subject loan, it was represented to plaintiff by FNE Mortgage, a Massachusetts corporation doing business in California as 1st New England Mortgage Corporation, a.k.a. First New England Mortgage Corporation, and on behalf of both FNE Mortgage and World Savings [now Wachovia] through Stevan Magnussen that the actual payment on the loan was $1,138.90 every 14 days. Mr. Magnussen further advised and recommended that the minimum payment be made. He further told plaintiff that if plaintiff would pay "some extra" each payment that plaintiff would cause the loan balance to be reduced more quickly. The truth was that the amount recommended by said defendants for plaintiff to pay was not the "payment" amount but in fact was far less than the payment amount, causing the loan to increase in size and not decrease as he represented it would, despite the fact that plaintiff paid more than the payment amount each month.

28. As a result of this payment schedule, despite payments being made in excess of what had been represented as the payment amount, plaintiff lost significant equity in his home through the rising mortgage amount. Rather than becoming better off

Complaint - 5

1      financially as he was told would occur, plaintiff ended owing more money to the

2      lender defendants for his loan.

3     29.   Had plaintiff known the truth he would never have agreed to the loan terms.

4     30.   By so agreeing, plaintiff has been damaged and defendants have been enriched

5      unjustly.

6     31.   In addition to this misrepresentation set forth above, defendants promised that the

7      fees associated with the loan were standard and charged by all lenders.

8     32.   Plaintiff reasonably relied upon this representation, and as a result of that reliance, as

9      well as the reliance set forth above, proceeded to accept the terms of the loan being

10     offered.

11    33.   The truth was that lenders were not charging the fees that FNE Mortgage charged,

12     and plaintiff paid more fees than he should have paid.

13    34.   As a result of their reliance on the representations by defendants, plaintiff was

14     damaged in an amount to be determined at trial.

15    Wherefore, plaintiff prays for relief as set forth in this complaint.

16  THIRD CAUSE OF ACTION

17  Breach of Fiduciary Duty

18    35.   Plaintiff incorporates the allegations contained in Paragraphs 1-5, 7-17, and 27-33,

19     inclusive, of his complaint as though fully set forth here.

20    36.   FNE Mortgage acted as a mortgage broker in this transaction, in that it did not fund

21     the loan and is not named in the Note issued by plaintiff. Rather, FNE Mortgage

22     negotiated a loan with World Savings on behalf of plaintiff, informing and advising

23     plaintiff regarding his choices and the appropriate responses to be made by plaintiff

24     as to the terms of the loan.

25    37.   Mortgage brokers in California owe to their client(s) a fiduciary duty. This duty

26     requires the broker to provide honest and complete disclosure of all material terms of

27     any loan, and also to place the interests of the client on such a level as not to gain an

28     advantage at the expense of the client.

Complaint - 6

38. Plaintiff was also owed a duty of honesty and full disclosure by the protections offered to consumers from TILA and RESPA.

39. Defendants breached all of these duties by failing to disclose the impact of the payment schedule, the prepayment penalty of the prior loan, and the excessive loan initiation fees that plaintiff was paying and that these fees were negotiable within the marketplace and that plaintiff did not need to pay the loan initiation fees charged by defendants.

40. As a result of the failure of defendants to adhere to their fiduciary duties and the statutorily mandated duties of open and full disclosure, plaintiff was injured in an amount to be established at trial.

Wherefore, plaintiff prays:

1. For rescission of the subject loan from World Savings [now Wachovia], and an accounting and return to plaintiff of all charges made associated with the said loan, at which time plaintiff will provide to World [Wachovia] a return of all benefits which must be returned under the applicable statutes

2. For damages according to proof;

3. For costs and attorneys fees pursuant to statute and/or agreement;

4. For any other such relief as the court deems just under the circumstances.

Dated this 26th day of June, 2008

SALLY A WILLIAMS,
Attorney for Fred Nelli

Complaint - 7

JUL-08-2008  16:58    SAYLER LEGAL SVC    831 384 4031    P.13

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
— SALLY A WILLIAMS, SB. 129181
555 SOQUEL AVENUE, SUITE 370
SANTA CRUZ, CA 95062

TELEPHONE NO.: (831) 459-6096    FAX NO.: (831) 688-1772
ATTORNEY FOR *(Name):* FRED NELLI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
STREET ADDRESS: 701 OCEAN STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA CRUZ, CA 95060
BRANCH NAME:

**FILED**
JUN 26 2008
ALEX CALVO, CLERK
BY
DEPUTY, SANTA CRUZ COUNTY

CASE NAME:
NELLI v FNE MORTGAGE CORPORATION

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CV 160703<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: June 26, 2008
SALLY A WILLIAMS
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.JunSearch.com

TOTAL P.13

JUL-08-2008   16:54      SAYLER LEGAL SVC                831 384 4031      P.02

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**

Santa Cruz Branch                          Watsonville Branch
701 Ocean Street, Room 110                 1Second Street, Room 300
Santa Cruz, CA 95060                       Watsonville, CA 95076

*For Court Use Only*

**FILED**

JUN 2 6 2008

ALEX CALVO, CLERK
BY
DEPUTY, SANTA CRUZ COUNTY

PLAINTIFF:   FRED NELLI

DEFENDANT:   FNE MORTGAGE

**CASE MANAGEMENT INFORMATION AND SETTING**

CASE NO:
CISCV160703

---

This case is in Santa Cruz County's Case Management Program.  It is the Duty of each party to be familiar with the california rules of court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants.  Notice of any other pending case management conference must be served on subsequently named defendants and corss-defendants.

**ATTENTION DEFENDANT:  YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT.  THE DATE BELOW DOES NOT EXTEND THE TIME TO FILE A RESPONSE.   SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.**

---

**The first Case Management Conference hearing date is:**

**Date: 10/24/08**              Time:  8:29              Department No.:    4

Address of the Court:  □ 701 Ocean Street, Santa Cruz, California        □ 1 Second Street, Watsonville, California

---

*Telephonic court appearances are provided through CourtCall to the court.  To make arrangments to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.  DO NOT CALL THE COURT.*

# THE LAWYER'S PLEDGE

In order to raise the standards of civility and professionalism among counsel and between the Bench and the Bar, I hereby pledge the following:

1.  To at all times comply with the California Rules of Professional Conduct;
2.  To honor all commitments;
3.  To be candid in all dealings with the court and counsel;
4.  To uphold the integrity of our system of justice and not compromise personal integrity for the sake of a client, case or cause;
5.  To seek to accomplish the client's legitimate goals by the most efficient and economical methods possible;
6.  To act in a professional manner at all times, to be guided by a fundamental sense of fair play in all dealings with counsel and the court, and to be courteous and respectful to the court;
7.  To be on time;
8.  To be prepared for all court appearances - to be familiar with all applicable court rules;
9.  To adhere to the time deadlines set by statute, rule, or order;
10. To avoid visual displays of pique in response to rulings by the court;
11. To discourage and decline to participate in litigation or tactics that are without merit or are designed primarily to harass or drain the financial resources of the opposing party;
12. To avoid any communications with the judge concerning a pending case unless the opposing party or lawyer is present, or unless permitted by court rules or otherwise authorized by law;
13. To refrain from impugning the integrity of the judicial system, its proceedings, or its members;
14. To treat all court personnel with the utmost civility and professionalism;
15. To remember that conflicts with opposing counsel are professional and not personal - vigorous advocacy is not inconsistent with professional courtesy;
16. To refrain from derogatory statements or discriminatory conduct on the basis of race, religion, gender, sexual orientation or other personal characteristic;
17. To treat adverse witnesses and litigants with fairness and due consideration;
18. To conduct discovery proceedings as if a judicial officer were present;
19. To meet and confer with opposing counsel in a genuine attempt to resolve procedural and discovery matters;
20. To not use discovery to harass the opposition or for any other improper purpose;
21. To not arbitrarily or unreasonably withhold consent to a just and reasonable request for cooperation or accommodation;
22. To not attribute to an opponent a position not clearly taken by that opponent;
23. To avoid unnecessary "confirming" letters and to be scrupulously accurate when making any written confirmation of conversations or events;
24. To not propose any stipulation in the presence of the trier of fact unless previously agreed to by the opponent;
25. To not interrupt the opponent's legal argument;
26. To address opposing counsel, when in court, only through the court;
27. To not seek sanctions against or disqualification of another lawyer to attain a tactical advantage or for any other improper purpose;
28. To not schedule the service of papers to deliberately inconvenience opposing counsel;
29. To refrain, except in extraordinary circumstances, from using the fax machine to demand immediate responses for opposing counsel.

JUL-08-2008  16:55    SAYLER LEGAL SVC                      831 384 4031    P.04

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**F I L E D**

JUN 2 6 2008

ALEX CALVO, CLERK
BY
DEPUTY, SANTA CRUZ COUNTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* FNE Mortgage, a Massachusetts corporation
doing business in California as 1st New England Mortgage Corporation,
a.k.a. First New England Mortgage Corporation,* World Savings Bank,
FSB,

    Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FRED NELLI

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SANTA CRUZ COUNTY SUPERIOR COURT
701 OCEAN STREET, SANTA CRUZ, CA 95060

CASE NUMBER:
*(Número del Caso):*
CV160703

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

SALLY A. WILLIAMS, SB 129181
555 SOQUEL AVENUE, SUITE 370, SANTA CRUZ, CA 95062    (831) 459-6996

DATE:                                  ALEX CALVO                     , Deputy
*(Fecha)*   JUN 2 6 2008        *(Secretario)*   DEBORAH ROJAS   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

JUL-08-2008  16:55    SAYLER LEGAL SVC                      831 384 4031    P.05

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| NELLI v FNE Mortgage Corporation | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Wachovia Mortgage Corporation, a North Carolina Corporation doing business in California as Corporation Number C1146159 and Does 1-20, Inclusive

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

**EXHIBIT B**

JUL-08-2008  16:50         SAYLER LEGAL SVC                    831 384 4031      P.02

1  Jack R. Nelson (SBN 111863)
   Email: jnelson@reedsmith.com
2  Keith D. Yandell (SBN 233416)
   Email: kyandell@reedsmith.com
3  REED SMITH LLP
   1999 Harrison Street, Suite 2400
4  Oakland, CA 94612-3572

5  Mailing Address:
   P.O. Box 2084
6  Oakland, CA 94604-2084

7  Telephone:   +1 510 763 2000
   Facsimile:    +1 510 273 8832
8
   Attorneys for Defendants
9  World Savings Bank, FSB, Wachovia Mortgage
   Corporation
10

**F I L E D**

JUL 0 8 2008

ALEX CALVO, CLERK
BY MICHELLE IRIS
DEPUTY, SANTA CRUZ COUNTY

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                FOR THE COUNTY OF SANTA CRUZ

13

14  Fred Nelli,                          Case No. CV160703

15          Plaintiff,                   **ANSWER TO UNVERIFIED COMPLAINT**

16      vs.                              Compl. Filed:   June 26, 2008

17  PNE Mortgage, a Massachusetts corporation    Honorable Paul Burdick, Dept. 4
    doing business in California as 1st New England
18  Mortgage Corporation, a.k.a. First New England
    Mortgage Corporation, World Savings Bank,
19  FSB, Wachovia Mortgage Corporation, a North
    Carolina Corporation doing business in California
20  as Corporation Number C1146159 and Does 1-
    20, Inclusive,
21
22          Defendants.

23

24      Defendant Wachovia Mortgage, FSB ("Wachovia"), successor in interest to World Savings

25  Bank, FSB ("World") and erroneously sued as Wachovia Mortgage Corporation answers the

26  unverified complaint of Plaintiff Fred Nelli ("Plaintiff"), as follows:

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

—1—                                                    DOCSOAK-9912610

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## GENERAL DENIAL

Pursuant to California Civil Procedure Code Section 431.30, Wachovia generally denies each and every allegation of the Complaint. Wachovia further denies that Plaintiff is entitled to any relief against it, and denies that Plaintiff has been damaged in the nature alleged or in any other manner, or at all. Further, Wachovia denies that Plaintiff has sustained any injury, damage, or loss by reason of any conduct, action, error, or omission on the part of Wachovia and/or World, or any agent, employee or any other person acting under Wachovia's and/or World's authority or control.

## DEFENSES

1.     As a first, separate, and distinct defense, Wachovia alleges that the complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted as against Wachovia and/or World.

2.     As a second, separate, and distinct defense, Wachovia alleges that the complaint and each cause of action contained therein that is directed at Wachovia and/or World is barred by the applicable statutes of limitation.

3.     As a third, separate, and distinct defense, Wachovia alleges that Plaintiff is barred and/or limited by contract from seeking from Wachovia and/or World the damages that Plaintiff alleges in his complaint.

4.     As a fourth, separate, and distinct defense, Wachovia alleges that it and/or World owed Plaintiff no duty, sounding in either contract or tort, during the period relevant to Plaintiff's complaint, or at any time, upon which any claim against Wachovia and/or World can be based.

5.     As a fifth, separate, and distinct defense, Wachovia alleges that Plaintiff is barred from any recovery because Wachovia and/or World acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known to Wachovia and/or World at the time Wachovia and/or World so acted.

6.     As a sixth, separate, and distinct defense, Wachovia alleges that Plaintiff's complaint, and all purported causes of action contained therein, are barred in whole or in part because the alleged damage to Plaintiff was not proximately caused by the alleged wrongful acts of Wachovia and/or World.

DOCSOAK-9912510

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

7.      As a seventh, separate, and distinct defense, Wachovia alleges that Plaintiff's alleged injuries were directly and proximately caused or contributed to by the negligence, carelessness, acts, conduct, omissions, activities, recklessness and/or misconduct of or fault of Plaintiff and/or his agent(s), whose comparative negligence or fault is sufficient to bar these claims against Wachovia and/or World and/or to eliminate or proportionately reduce Plaintiff's entitlement to recovery, if any.

8.      As an eighth, separate, and distinct defense, Wachovia avers that the complaint, and each cause of action therein, is barred by waiver by Plaintiff's and/or his agent(s) of the wrongs and breaches alleged, and that Plaintiff is estopped from complaining as to the actions and liabilities set forth in the complaint.

9.      As a ninth, separate, and distinct defense, Wachovia is informed and believes and thereon alleges that Plaintiff failed to mitigate his alleged damages as required by law.

10.     As a tenth, separate, and distinct defense, Wachovia alleges that Plaintiff's claims are barred by the doctrine of laches.

11.     As an eleventh, separate, and distinct defense, Wachovia alleges that Plaintiff's claims are barred by the equitable doctrine of unclean hands.

12.     As a twelfth, separate, and distinct defense, Wachovia alleges that Plaintiff would be unjustly enriched if allowed to recover on this Complaint.

13.     As a thirteenth, separate, and distinct affirmative defense, Wachovia alleges that Plaintiff's causes of action against Wachovia and/or World involve a federal question over which this Court lacks jurisdiction.

14.     As a fourteenth, separate, and distinct defense, Wachovia alleges that Plaintiff's Complaint fails to show that any alleged acts or omissions of Wachovia and/or World caused the injuries or damages claimed by Plaintiff.

15.     As a fifteenth, separate and distinct defense, Wachovia alleges that Plaintiff did not incur any damage or loss as a result of any act or conduct by Wachovia and/or World.

16.     As a sixteenth, separate, and distinct defense, Wachovia alleges that any damage or loss incurred as a result of any act or conduct by Wachovia and/or World, which damages are specifically denied herein, would be speculative and, thus, too uncertain for recovery.

DOCSOAK-9912510

17.    As a seventeenth, separate, and distinct defense, Wachovia alleges that World's acts and omissions as alleged in the Complaint were justified and/or privileged.

18.    As an eighteenth, separate, and distinct defense, Wachovia alleges, that with respect to the matters alleged in the Complaint, that World acted without intention of any violation of all applicable laws, regulations, applicable official commentary and government and industry standards, and that if any such violation occurred it was the result of bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

19.    As a nineteenth, separate, and distinct defense, Wachovia alleges that at all times relevant to the Complaint, World's conduct and activities were in good faith compliance with the applicable laws, regulations, rules and interpretations of the Federal Reserve Board and/or with interpretation or approval of a duly authorized official or employee of the Federal Reserve System, and thus cannot be deemed actionable or unlawful, unfair, fraudulent, deceptive, untrue or misleading.

20.    As a twentieth separate, and distinct defense, Wachovia alleges that the Complaint, and each cause of action thereof, is wholly or partially barred by the applicable Statute of Frauds (to wit, Code of Civil Procedure Section 1971, and/or Civil Code Section 1624).

21.    As a twenty-first, separate, and distinct defense, Wachovia alleges that certain conditions precedent, which may have given rise to a duty to act or liability on the part of Wachovia and/or World, did not arise.

22.    As a twenty-second, separate, and distinct defense, Wachovia alleges that plaintiff is precluded from alleging that Wachovia and/or World is responsible for the actions and/or statements of third parties who plaintiff specifically alleges were the agent(s) of plaintiff, or from alleging that the actions and/or statements of such agent(s) may or can be imputed to Wachovia and/or World.

23.    As a twenty-third, separate, and distinct defense, Wachovia alleges that plaintiff has failed to establish any right to actual damages in any amount.

24.    As a twenty-fourth, separate, and distinct defense, Wachovia alleges that plaintiff has failed to meet the applicable conditions precedent to exercise any claimed right to rescind, and thus cannot seek to rescind, the loan contract alleged in the complaint

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9912510

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    25.    As a twenty-fifth, separate, and distinct defense, Wachovia alleges that plaintiff has

2    failed to allege facts sufficient to state a claim for reformation of the contract at issue and/or that

3    plaintiff is not entitled to reformation of the contract.

4    26.    As a twenty-sixth, separate, and distinct defense, Wachovia alleges that all

5    disclosures required by law or regulation were made to plaintiff with respect to the loan transaction

6    referenced in the complaint, and that as a result plaintiff has no right to relief against Wachovia

7    and/or World of any kind or nature.

8    27.    As a twenty-seventh, separate, and distinct defense, Wachovia alleges that, if any

9    discrepancies exist between requisite disclosure(s) and actual term(s) of any loan to plaintiff, such

10    discrepancies are within tolerance limits set by applicable law, including, but no limited to, those set

11    forth in the Code of Federal Regulations.

12    28.    As a twenty-eighth, separate, and distinct defense, Wachovia alleges that the federal

13    Truth In Lending Act, 15 USC Section 1602 *et. seq.* (TILA), the amendments to TILA in the federal

14    Home Owner Equity Protection Act, 15 USC Section 1635, *et. seq.* (HOEPA) and 12 CFR 560.2

15    preempt Plaintiff's Causes of Action against Wachovia.

16    29.    Wachovia also reserves the right to assert other defenses as may become available or

17    apparent during the course of discovery or other proceedings.

18    WHEREFORE, Wachovia demands judgment in its favor, the dismissal of Plaintiff's

19    complaint as to Wachovia and World, costs of suit and attorneys' fees and all other relief that this

20    Court may deem just and proper.

21    DATED:  July 8, 2008.

22    REED SMITH LLP

23

24    By_____
       Keith D. Yandell
25     Attorneys for Defendants
       World Savings Bank, FSB, Wachovia Mortgage
26     Corporation

27

28

DOCSOAK-9912510

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On July 8, 2008, I served the following document(s) by the method indicated below:

**ANSWER TO COMPLAINT**

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

Sally A. Williams
Williams Law Office
Post Office Box 1478
Aptos, CA 95001-1478
Tel.    831.459.6096
Fax.    831.688.1772

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 8, 2008, at Oakland, California.

David P. Kelley

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9912542.1